Filed 4/1/26  P. v. Cervantes CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086008 |
| v. | (Super.Ct.No. RIF094828) |
| LAURENO ARTIAGA CERVANTES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam, Judge.  Affirmed.

Laureno Artiaga Cervantes, in pro. per.; and Benjamin Kington, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, James M. Toohey and Kristine A. Gutierrez, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant, Laureno Artiaga Cervantes, filed a postjudgment motion for a hearing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*), which the court denied. After defense counsel filed a notice of appeal, this court appointed counsel to represent defendant.

Counsel filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*),[1] setting forth a statement of the facts, setting forth a statement of the case, contending we must independently review the record, and identifying two potentially arguable issues: (1) whether Penal Code section 3051's[2] inapplicability to defendants sentenced to life without the possibility of parole (LWOP) violates defendant's right to equal protection; and (2) whether defendant received ineffective assistance of counsel below.

This court offered defendant the opportunity to file a personal supplemental brief, which he has done.[3] Defendant contends that defense counsel and the court below erred in determining he was 26 years old at the time he committed the offenses for which he was convicted. Defendant maintains that defense counsel and the court below

---

[1] In *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), the California Supreme Court held that *Wende* and *Anders* procedures do not apply in appeals from postjudgment proceedings. (*Delgadillo*, at pp. 224-226; *People v. Freeman* (2021) 61 Cal.App.5th 126.)

[2] All further statutory references are to the Penal Code.

[3] "If the defendant . . . files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

overlooked the caselaw defendant expressly cited in his motion, *People v. Briscoe* (2024) 105 Cal.App.5th 479 (*Briscoe*), which specifically held that even those sentenced to LWOP may be entitled to a *Franklin* hearing if they were convicted as nonkiller participants in a crime.

We ordered the parties to brief the following issue: Did the court err in denying defendant's motion for a hearing pursuant to *Franklin*? In other words, did the court err in finding that defendant was 26 years old at the time he committed the instant offenses, and that defendant was not entitled to a *Franklin* hearing as a nonkiller participant in felony offenses, during which a murder occurred. (*Briscoe, supra,* 105 Cal.App.5th at pp. 484-485 [the holding in *People v Hardin* (2024) 15 Cal.5th 834 (*Hardin*) does not apply to youthful offenders who were sentenced to LWOP, when they were nonkiller participants in felony offenses during which a murder occurred].) The parties agree that the court properly dismissed defendant's motion. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 28, 2000, members from two rival gangs engaged in three separate hostile encounters. Defendant was present for all three. During the second encounter, defendant and a rival gang member engaged in a fistfight. According to undisputed evidence, defendant's gang thereafter set out to exact revenge. Defendant obtained ammunition for a shotgun. After searching for and finding the rival gang members, defendant's fellow gang member, Tony Martinez, fired at least four shots from a shotgun out the window of a car in which defendant was present. One person was killed and

3

another seriously injured.  (*People v. Cervantes* (Oct. 28, 2003, E031955) [nonpub. opn.] (*Cervantes I*); *People v. Martinez* (Aug. 10, 2021, E076841) [nonpub. opn.] (*Martinez*); *People v. Cervantes* (Sep. 26, 2023, E080152) [nonpub. opn.] (*Cervantes II*).)

On June 14, 2002, a jury found defendant guilty of murder (§ 187, subd. (a), count 1), three counts of attempted murder (§§ 664, 187, subd. (a), counts 2-4), one count of discharging a firearm at an occupied vehicle (§ 246, count 5), and one count of discharging a firearm from a vehicle (§ 12034, subd. (d), count 6).  The jury additionally found true allegations that defendant personally and intentionally discharged a firearm proximately causing great bodily injury or death as to each of the offenses (§ 12022.53, subd. (d)), and that defendant committed the offenses in counts 5 and 6 for the benefit of a criminal street gang  (§ 186.22, subd. (b)).  (*Cervantes I*, *supra*, E031955; *Cervantes II*, *supra*, E080152.)

Finally, the jury found true two special murder circumstances attached to count 1 (§ 190.2, subd. (a)(21) ["The murder was intentional and perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person or persons outside the vehicle with the intent to inflict death"] & (a)(22) [The "defendant[s] intentionally killed the victim while [they were] active participant[s] in a criminal street gang"].)  (*Cervantes I*, *supra*, E031955; *Cervantes II*, *supra*, E080152.)

The court sentenced defendant to LWOP on count 1, plus three consecutive terms of life in prison with the possibility of parole on counts 2, 3, and 4.  In addition, the trial court sentenced defendant to determinate terms amounting to 140 years in state prison

4

based on the gang and firearms enhancements.[4]  (*Cervantes I*, *supra*, E031955; *Cervantes II*, *supra*, E080152.)

Defendant appealed.  This court affirmed the judgment but modified defendant's sentence by striking the gang enhancements imposed on counts 1 through 6.  This court also amended the 25-year personal use enhancements imposed on counts 3 and 4 to 20-year enhancements under subdivision (c) of section 12022.53 because defendant "was not the actual shooter but instead was an aider and abettor to defendant Martinez, the actual shooter."  "Both the gang and firearm enhancements may be imposed only on . . . Martinez, the actual shooter."  (*Cervantes I*, *supra*, E031955; *Martinez*, *supra*, E076841; *Cervantes II*, *supra*, E080152.)

Between November 6, 2003, and August 12, 2005, the trial court corrected the sentencing issues as directed by this court by changing the section 12022.53, subdivision (d) enhancements to subdivision (c) enhancements; striking the gang enhancements; and preparing an amended abstract of judgment, which reflected defendant's aggregate determinate sentence as 90 years.[5]

---

[4]  The same jury convicted Martinez of the same crimes and found true the same enhancement allegations.  (*Cervantes I*, *supra*, E031955; *Martinez*, *supra*, E076841.)

[5]  In *Martinez*, on appeal from the denial of his former section 1170.95 petition, this court wrote, "On August 8, 2005, the trial court prepared an amended abstract of judgment, which reflected [Martinez's] sentence as 60 years determinate, followed by life without the possibility of parole, and three terms of life with the possibility of parole." This court affirmed the order denying Martinez's petition because "defendant was the actual killer." (*Martinez*, *supra*, E076841.)

On November 15, 2024, defendant filed a motion for a *Franklin* hearing.  On December 20, 2024, the court appointed counsel for defendant.

On March 14, 2025, defense counsel filed a request to be relieved as counsel of record and for the *Franklin* motion to be taken off calendar.  Defense counsel contended that because defendant was over the age of 18 when he committed the instant offenses and was sentenced to LWOP, defendant was ineligible for a *Franklin* hearing.

At a hearing on March 14, 2025, defense counsel informed the court that defendant "is an inmate who was sentenced to life without the possibility of parole.  He was over the age of 26 at the time the offense was committed.  It appears he does not qualify for a youth offender parole hearing or a Franklin proceeding.  We would ask that motion be taken off calendar or dismissed at this time."

The court indicated that it had "reviewed the court file and based on the court file and the factors stated by defense counsel and the People in agreement, he is statutorily ineligible."  The court denied defendant's motion for a *Franklin* hearing.[6]

## II.  DISCUSSION

Defendant contends that defense counsel and the court below erred in determining he was 26 years old at the time he committed the offenses for which he was convicted.  Defendant also maintains that defense counsel and the court below overlooked the caselaw defendant expressly cited in his motion, *Briscoe*, *supra*, 105 Cal.App.5th 479,

---

[6]  The minute order instead reflects that the court granted defense counsel's motion to take the matter off calendar and be relieved as counsel of record.

which specifically held that even those sentenced to LWOP may be entitled to a *Franklin* hearing if they were convicted as nonkiller participants in a crime.

Appellate counsel and the People agree that the court erred in determining that defendant was 26 years old when he committed the offenses, but that it properly denied defendant's motion for a *Franklin* hearing because the jury found true two special murder circumstances allegations under section 190.2, subdivision (a).[7] We affirm.

Senate Bill No. 260 (2013-2014 Reg. Sess.) added section 3051, which requires the Board of Parole Hearings "to conduct a 'youth offender parole hearing' during the 15th, 20th, or 25th year of a juvenile offender's incarceration. [Citation.]" (*Franklin*, *supra*, 63 Cal.4th at p. 277.) "Section 3051 . . . reflects the Legislature's judgment that 25 years is the maximum amount of time that a juvenile offender may serve before becoming eligible for parole." (*Id*. at p. 278.) "The statutory text makes clear that the Legislature intended youth offender parole hearings to apply retrospectively, that is, to all eligible youth offenders regardless of the date of conviction." (*Ibid*.)

Eligible "youthful offenders" must be given "an adequate opportunity to make a record of factors, including youth-related factors, relevant to the eventual parole determination, . . ." (*Franklin*, *supra*, 63 Cal.4th at p. 286.) "If the trial court determines that [a youthful offender] did not have sufficient opportunity, then the court may receive submissions and, if appropriate, testimony . . . subject to the rules of evidence. [The youthful offender] may place on the record any documents, evaluations, or testimony

---

[7] The People additionally assert that *Briscoe* was wrongfully decided.

(subject to cross-examination) that may be relevant at his eventual youth offender parole hearing, and the prosecution likewise may put on the record any evidence that demonstrates the . . . offender's culpability or cognitive maturity, or otherwise bears on the influence of youth-related factors." (*Franklin*, at p. 284.)

Eligible "youthful offenders" with final convictions may file postjudgment motions in the trial court to present and preserve such evidence. (*In re Cook* (2019) 7 Cal.5th 439, 447, 449; *id*. at p. 452 ["In cases with final judgments, section 1203.01 gives the trial court authority to conduct an evidence preservation proceeding as envisioned in *Franklin*"]; accord, *Hardin*, *supra*, 15 Cal.5th at p. 840.)

"Under the current version of the statute, most persons incarcerated for a crime committed between ages 18 and 25 are entitled to a parole hearing during the 15th, 20th, or 25th year of their incarceration. [Citation.] But not all youthful offenders are eligible for parole hearings. The statute excludes, among others, offenders who are serving sentences of life in prison without the possibility of parole for a crime committed after the age of 18. [Citation.]" (*Hardin*, *supra*, 15 Cal.5th at pp. 838-839; see § 3051, subd. (h).)

In *Hardin*, the defendant challenged his ineligibility for a section 3051 parole hearing on equal protection grounds. The court held that the defendant had "not demonstrated that Penal Code section 3051's exclusion of young adult offenders sentenced to life without parole is constitutionally invalid under a rational basis standard, either on its face or as applied to Hardin and other individuals who are serving life

without parole sentences for special circumstance murder. Under California law, special circumstance murder is a uniquely serious offense, punishable only by death or life without possibility of parole." (*Hardin*, *supra*, 15 Cal.5th at p. 839; see *id.* at p. 859 ["[S]ection 190.2 . . . lists special circumstances that, under California law, mark a first degree murder particularly egregious and thus render the perpetrator eligible for the death penalty, consistent with Eighth Amendment requirements"].)

The defendant had "not demonstrated that the Legislature acted irrationally in declining to grant the possibility of parole to young adult offenders convicted of special circumstance murder, even as it has granted youth offender hearings to young adults convicted of other offenses." (*Hardin*, *supra*, 15 Cal.5th at p. 839.) "[T]he exclusion of offenders who are serving sentences of life in prison without the possibility of parole for a crime committed after the age of 18 from youth offender parole eligibility is [not] irrational," for equal protection purposes. (*Id*. at p. 864 [Where the defendant was the actual killer of the victim].)

In *Briscoe*, the court noted that *Hardin* "did not foreclose 'other as-applied challenges' to the statute 'based on particular special circumstances or the factual circumstances of individual cases.' [Citation.]" (*Briscoe*, *supra*, 105 Cal.App.5th at p. 484, citing *Hardin*, *supra*, 15 Cal.5th at p. 864.) *Briscoe* held that, in "the narrow factual context presented here," "section 3051 violates equal protection by excluding youth offenders sentenced for special circumstance murder under section 190.2, subdivision (d)—which applies to nonkiller participants in specified felony offenses

during which a murder occurred—while including those convicted of nonspecial circumstance first degree felony murder for the same specified felony offenses per the exact same standard under section 189, subdivision (e)(3)." (*Briscoe*, at p. 485.) "We find that section 3051 violates equal protection as applied to Briscoe and other youth offenders sentenced for special circumstance murder during a robbery or burglary under section 190.2, subdivision (d)." (*Id*. at p. 490, fn. omitted.)

"We are not the first to observe that excluding youth special circumstance murderers who did not actually kill or intend to kill from the opportunity to seek parole under section 3051 is problematic. [Citations.]" (*Briscoe*, *supra*, 105 Cal.App.5th at p. 493.) *Briscoe* noted that section 189, subdivision (e)(3), which defines the current doctrine of felony murder, and the special circumstance in section 190.2, subdivision (d), "employ the same standard of liability." Thus, the law permits juries to render true findings on the enhancements even where the "offenders were neither the actual killer nor acted with an intent to kill." Therefore, the culpability of a defendant who suffered a true finding on a section 190, subdivision (d) enhancement is no different from that of an offender convicted of first degree felony murder under section 189, subdivision (e)(3). (*Id*. at pp. 489-495.)

First, defendant here has failed both below and on appeal to demonstrate that section 3051's exclusion of young adult offenders sentenced to LWOP based on a section 190.2, subdivision (a) enhancement is constitutionally invalid, either on its face or as applied to defendant. (*Hardin*, *supra*, 15 Cal.5th at p. 839.) Second, the jury in

defendant's case found true special circumstance allegations under section 190.2, subdivision (a)(21) and (a)(22), not a special circumstance allegation under section 190.2, subdivision (d) as in *Briscoe*. Thus, *Briscoe* is distinguishable, and the court properly dismissed defendant's motion.

## III.  DISPOSITION

The order dismissing defendant's motion for a *Franklin* hearing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                                                        J.

We concur:

RAMIREZ
                                P. J.

CODRINGTON
                                J.

11